IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**JUDIE SCALFANO**                                                                                       **PLAINTIFF**

vs.                                                                No. 1:21-cv-689

**MELLOW JOHNNY'S, LLC**                                                                    **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Judie Scalfano ("Plaintiff"), by and through her attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Mellow Johnny's, LLC ("Defendant"), she does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary and liquidated damages, interest, and costs and fees, as a result of Defendant's failure to pay lawful overtime compensation for hours worked in excess of forty per week.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

### II.   JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts alleged in this Complaint had their principal effect within the Austin Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

5. Plaintiff is an individual and resident of Blanco County.

6. Defendant is a domestic limited liability company.

7. Defendant's registered agent for service is Lawrence Temple, 300 West 6th Street, Suite 2150, Austin, Texas 78701.

8. Defendant, in the course of its business, maintains a website at https://austin.mellowjohnnys.com/.

### IV.   FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

10. Defendant owns and operates a bike retail business, which offers bikes for sale and rent, and also provides bike repair services.

11. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

12. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are

separately stated) in each of the three years preceding the filing of the Original Complaint.

13. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

14. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

15. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

16. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

17. Plaintiff was employed by Defendant from February of 2016 until July of 2021.

18. At all relevant times herein, Defendant directly hired Plaintiff to work at its retail shop, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

19. Plaintiff worked at Defendant's location in Austin.

20. Plaintiff was employed by Defendant as a principal bicycle buyer.

21. Defendant paid Plaintiff a salary and classified her as exempt from the overtime requirements of the FLSA.

22. Prior to the COVID-19 pandemic, Plaintiff worked as both a floor salesperson and an inventory manager at Defendant's retail business in Austin.

23. At the onset of the COVID-19 pandemic in March of 2020, Defendant required Plaintiff to perform her duties from home. Plaintiff was primarily responsible for forecasting sales, purchasing bikes, communicating with vendors, and managing inventory.

24. Plaintiff regularly worked over 40 hours per week.

25. Plaintiff did not have the authority to hire or fire other employees.

26. Plaintiff's recommendations as to who should be hired or fired did not carry any particular weight.

27. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

28. In anticipation of an economic downturn as a result of the pandemic shutdown, in March of 2020 Defendant cut all of its salaried employees' salaries, including Plaintiff's salary, by 25%.

29. Defendant indicated this would be a temporary pay cut, but Defendant did not return Plaintiff's salary to the pre-pandemic rate until Plaintiff specifically asked Defendant to do so in July of 2021. Upon information and belief, Defendant returned most or all of the other salaried employees to their pre-pandemic salary rate after only 6 months.

30. Both before and after Plaintiff's pay cut, Defendant paid Plaintiff a salary of less than the statutory minimum of $684 per week. *See* 29 C.F.R. § 541.600.

31. Plaintiff sometimes worked so many hours in a week that, upon information and belief, she was paid less than the minimum wage.

32. Defendant did not keep track of Plaintiff's time nor did Defendant provide a method by which Plaintiff could keep track of her own time.

33. Some of the work Plaintiff completed was timestamped, such as sending emails and texts.

34. Defendant did not pay Plaintiff 1.5x her regular rate of pay for hours worked over 40 per week.

35. At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours she worked over forty per week.

36. In July of 2021, Defendant paid Plaintiff around $6,000 in backpay for failing to reinstate her original salary.

37. When Plaintiff expressed her belief that $6,000 was not enough to cover the unpaid wages owed to her, Defendant terminated Plaintiff's employment.

38. Defendant terminated Plaintiff's employment in retaliation for Plaintiff's request for legal wages.

39. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.   FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage and Overtime Provisions of the FLSA)

40. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

43. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

45. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

46. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

47. At all times relevant to this Complaint, Defendant failed to pay Plaintiff a proper minimum wage as required by the FLSA.

48. Defendant's failure to pay Plaintiff a proper minimum wage and all overtime wages owed was willful.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.     SECOND CLAIM FOR RELIEF
**(Violation of the Anti-Retaliation Provisions of the FLSA)**

50.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

51.     Defendant's termination of Plaintiff was a direct and willful violation of the FLSA's anti-retaliation provision at subsection 215(a)(3), which forbids employers from firing or otherwise taking retaliatory action against individuals who have asserted their rights under the FLSA.

52.     Pursuant to the FLSA, employers may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

53.     Plaintiff engaged in protected activity by requesting an increase to her salary which was lower than the statutory minimum and by seeking back wages lawfully owed to her.

54.     Defendant fired Plaintiff in a clear act of retaliation against Plaintiff solely in response to her request for legal wages.

55.     Plaintiff should be reinstated to her employment and compensated for lost income due to Defendant's unlawful retaliation, and should be

compensated for any pain, suffering, or loss of face suffered as a result of Defendant's actions.

56. Further, punitive damages should be assessed against Defendant for its blatant and willful actions to retaliate against Plaintiff for her assertion of her rights under the FLSA in direct and intentional violation of the anti-retaliation provisions of the FLSA.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Judie Scalfano respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E. Judgment for liquidated damages pursuant to the FLSA;

F. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

G. For a reasonable attorney's fee, costs, and interest; and

H. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JUDIE SCALFANO**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com